**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 00-60154

_____

UNITED STATES OF AMERICA, for Secretary
of the Army,

Plaintiff-Appellee

versus

14.38 ACRES OF LAND, MORE OR LESS, SITUATED
IN LEFLORE COUNTY, STATE OF MISSISSIPPI; ET AL,

Defendants

JOSEPH C. COKER III,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Mississippi
(4:92-CV-121-S-B)
- - - - - - - - - -
May 4, 2001

Before WIENER and STEWART, Circuit Judges, and SMITH,[*] District
Judge.

PER CURIAM[**]:

Defendant-Appellant Joseph C. Coker III asks us to reverse the

_____

[*]District Judge of the Western District of Texas, sitting by
designation.

[**]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

district court's refusal to grant costs and fees under the Equal Access to Justice Act (EAJA) after he prevailed in recovering severance damages from the government in compensation for the diminution in value of the remainder of his land following a condemnation taking of another, contiguous portion of his property.  We affirm.

I.

The parties agreed on just compensation for the property actually taken but could not agree on severance damages to the remaining property, so the case proceeded to trial.  The government maintained that there was no diminution in value to the remainder of Coker's land, and supported its litigation position with the testimony of four expert witnesses, to wit, the Manager of the Yazoo Basin Project for the Vicksburg District of the Corps of Engineers; a hydraulic engineer for the Corps of Engineers; the Chief of the River Stabilization Branch of the Vicksburg District of the Corps of Engineers and Channelization Improvement Coordinator for the Mississippi River Channel Improvement Projects; and a professional real estate appraiser who is also a realtor and consultant.  All four experts gave professional opinions which together, the government contended, showed why the portion of Coker's property that was not taken would have the same value after the taking and the completion of new works projects affecting the property that it had before.

The jury disagreed and awarded Coker $237,566 in severance damages to the land not taken.  After thus prevailing, Coker filed a motion for attorneys' fees and expenses under the EAJA.  Ultimately, the district

court determined that, despite Coker's prevailing on his principal demand, the government was "substantially justified" in the positions it took in the litigation.

## II.

We review a district court's denial of attorneys' fees under the EAJA for abuse of discretion.[1] The district court's underlying conclusions of law are reviewed de novo; its conclusions of fact are reviewed for clear error.[2]

The EAJA specifies that a prevailing party other than the government shall be awarded fees and other expenses "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."[3] "Substantially justified" means that the position of the United States is justified in substance or in the main —— that is, justified to a degree that could satisfy a reasonable person.[4] Thus, to be substantially justified, the position of the government must have a reasonable basis in both fact and law; however, it need not hold a winning hand.

## III.

Our review of the entire record satisfies us that, despite Coker's

---

[1] See Pierce v. Underwood, 487 U.S. 552, 558 (1988); Hall v. Shalala, 50 F.3d 367 (5th Cir. 1995).

[2] See Parales v. Casillas, 950 F.2d 1066, 1072-73 (5th Cir. 1992).

[3] 28 U.S.C. § 2412(d)(1)(A).

[4] See Sims v. Apfel, 2001 W.L. at p.4, citing Pierce v. Underwood, 487 U.S. 552, 565 (1988).

protestations and his criticism of the methodology and conclusions of the government's experts, the district court committed no error of fact or law in its underlying findings and reasonings, and did not abuse its discretion in its ultimate determination that the government was substantially justified in the litigating position it took in this case. Consequently, the district court's denial of Coker's motion for attorneys' fees and costs under the EAJA is, in all respects, AFFIRMED.